JONES CREEK INVESTORS, LLC, and )
SAVANNAH RIVERKEEPER, INC., )
)
    Plaintiffs, )
)
v. ) CV 111-174
)
COLUMBIA COUNTY, GEORGIA, et al., )
)
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case is currently before the Court on motions to strike by Defendants Columbia County, Georgia ("Columbia County"); Kimlandco, LLC; Southern Site Design, Inc.; and Dr. Robert F. Mullins. (Doc. nos. 10-2, 15-2, 26.) Plaintiffs oppose these motions. (See doc. nos. 21, 23, 48.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motions be **GRANTED** and that Plaintiffs be required to replead their claims in a new complaint.

### I.    BACKGROUND AND PROCEDURAL HISTORY

In this action, Plaintiffs Jones Creek Investors, LLC ("JCI"), the owner of a private golf course, and Savannah Riverkeeper, Inc., a non-profit environmental organization, attempt to raise several claims concerning the alleged pollution of various bodies of water, including a lake situated on Plaintiff JCI's golf course. (See doc. no. 1.) Plaintiffs' original

complaint, filed on October 14, 2011, consists of 534 enumerated paragraphs, which span 174 pages.¹ (See id.) The first 31 paragraphs concern jurisdiction, venue, and basic information about the parties; this is followed by a 108-page, 322-paragraph "Statement of Facts." (See id. at 23-120.²) Furthermore, Plaintiffs' original complaint sets forth 13 counts, each of which involves at least one claim by one or both Plaintiffs against one or multiple Defendants; the first three counts allege violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, and the remaining counts involve various constitutional and state law claims relating to Defendants' alleged interference with the lake on JCI's golf course and other nearby bodies of water. (See generally id.)

On October 28, 2011, Plaintiffs filed an amended complaint, which they state does not "supplant" their original complaint, but rather replaces the first paragraphs of Counts Eleven and Twelve by modifying the portions of the original complaint to be incorporated into these respective counts.³ (Doc. no. 12.) In their amended complaint, Plaintiffs state that they unilaterally "stipulate that Defendants may file a single answer to the original Complaint with paragraphs 490 and 521 amended as set forth herein." (Id. at 2.) Taking into account these purported modifications, Plaintiffs incorporate the entirety of their entire 322-paragraph

---

¹Additionally, the original complaint is accompanied by various exhibits, which consist of statutorily required notification letters sent to Defendants prior to commencement of this action. (See doc. no. 1, Exs. A-E.)

²Because of the size of the original complaint, it could not be filed as one entry on the docket; accordingly, the page numbers used by the Court refer to those from the complaint rather than the docket page numbers.

³The first paragraph of each count in the original complaint incorporates certain pervious paragraphs by reference.

2

statement of facts into Counts One through Eight and Count Thirteen; they also incorporate the statement of facts into Counts Nine through Eleven, into which they additionally incorporate the entirety of Counts One through Three; also, they incorporate the entire statement of facts into Count Twelve with the exception of paragraphs 232-336. (See doc. no. 1, ¶¶ 354, 378, 395, 406, 420, 423, 436, 448, 462, 473, 531; doc. no. 12.)

Defendant Columbia County filed its first motion to strike on October 28, 2011, in conjunction with which it requested that the Court stay its obligation to respond to the complaint pending resolution of the motion to strike; it also requested that the Court extend the time in which to respond to the complaint until 60 days after resolution of the motion to strike in the event that motion were denied. (Doc. no. 10.) Shortly thereafter, several other Defendants joined or adopted Defendant Columbia County's motion and similarly requested an extension or stay of their obligation to file responsive pleadings. (See doc. nos. 15, 16.) On November 7, 2011, Defendant Columbia County filed its second motion to strike, in which it repeated the arguments from its first motion to strike, replied to Plaintiffs' response to the first motion to strike, and clarified that its request to strike applies to both Plaintiffs' original and amended complaints. (Doc. no. 26.)

In an Order issued on November 8, 2011, the Court granted several of the motions for a stay and/or extension in part, staying the obligation of all Defendants to respond to Plaintiffs' pleadings until resolution of the motions to strike[4] but declining to establish new

---

[4] At the time of the November 8th Order, Defendant Columbia County's second motion to strike was not yet ripe for adjudication, as Plaintiffs had not had an opportunity to respond to it.

3

deadlines.[5] (Doc. no. 27.) Following the November 8th Order, Plaintiffs filed a "Notice of Dismissal of Defendant CSX Real Property, Inc. . . ." (Doc. no. 20.) Moreover, despite the stay on its obligation to respond to Plaintiffs' pleadings, Defendant CSX Transportation, Inc., filed a motion to dismiss in which it argues that the claims asserted against it fail as a matter of law.[6] (Doc. no. 28.)

## II. DISCUSSION

The instant motions to strike primarily argue that the pleadings in question fail to provide the "short and plain statement" of Plaintiffs' claims required by Federal Rule of Civil Procedure 8(a)(2). (See doc. no. 10, p. 3; doc. no. 15, pp. 2-3; doc. no. 26, pp. 3-4.) Defendant Columbia County, the primary challenger whose initial motion to strike was adopted by the other Defendants involved in the instant motions, invokes Rule 12(f) in arguing that Plaintiffs' pleadings should be stricken and that Plaintiffs should be required to replead their claims in compliance with Rule 8(a)(2)'s "short and plain statement" requirement. (See doc. no. 10, p. 3; doc. no. 26, p. 4.)

---

[5] Despite having filed a motion to strike such that they were not immediately obligated to respond to Plaintiffs' pleadings, see Fed. R. Civ. P. 12(a)(4), Defendants Kimlandco, LLC, Southern Site Design, Inc., and Dr. Robert F. Mullins proceeded to file an answer; accordingly, their motion for an extension of time in which to file responsive pleadings was deemed moot. (See doc. no. 27.) A separate request for an extension of time to file responsive pleadings by Defendants Lyons and Jones Creek Partners, LLC, was also rendered moot by the Court-imposed stay. (See id.)

[6] The motion to dismiss is currently pending before the presiding District Court Judge. Notably, in that motion, Defendant CSX Transportation, Inc., expresses that it decided to move to dismiss the claims against it despite the fact that it agrees with the position set forth in the instant motions to strike. (See doc. no. 28, p. 5.)

4

In response, Plaintiffs argue that the motions to strike should be denied because Rule 12(f) cannot support a challenge to the general sufficiency of pleadings but rather only allows the Court to strike portions of pleadings that are redundant, immaterial, impertinent, or scandalous. (Doc. no. 21, pp. 3-5; doc. no. 48, pp. 4-7.) Plaintiffs also contend that their pleadings satisfy Rule 8(a)(2), arguing that they "intelligibly assert [their] claims in as short and plain of a statement as possible while still pleading sufficient factual matter to state [13] claims that are plausible on their face." (Doc. no. 48, p. 8.) Plaintiffs also contend that the number of claims and Defendants, as well as the complexity of the facts underpinning their claims, justifies the length of their pleadings. (Doc. no. 21, pp. 5-10; doc. no. 48, pp. 7-12.)

It is well established that the pleading standard of Federal Rule of Civil Procedure 8(a) does not permit pleadings that, because of their lack of intelligibility, make it unreasonably difficult to evaluate or respond to the pleader's claims. Ledford v. Peeples, 657 F.3d 1222, 1239 (11th Cir. 2011); Byrne v. Nezhat, 261 F.3d 1075, 1128-34 (11th Cir. 2001). These "shotgun" pleadings, as the Eleventh Circuit has labeled them, characteristically assert multiple counts against multiple defendants without adequately delineating which allegations of fact support each distinct cause of action – a problem that often results from the pleader excessively incorporating by reference previous allegations into each count. See, e.g., Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."); Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1275 (11th Cir. 2006) (noting that

a shotgun pleading "fails to adequately link a cause of action to its factual predicates" and typically "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief").

Left unchecked, a shotgun pleading necessarily requires courts and opposing parties to undertake the onerous task of "cull[ing] through the allegations, identify[ing] the claims, and, as to each claim identified, select[ing] the allegations that appear to be germane to the claim." Ledford, 657 F.3d at 1239; see also Strategic Income Fund, L.L.C., 305 F.3d at 1295 (noting that attempting to determine the sufficiency of a claim in shotgun complaint requires the court to "sift out the irrelevancies, a task that can be quite onerous"). Consequently, the proper course of action for a court faced with a shotgun pleading is to require the pleader to re-cast the pleading with the requisite specificity, either on request for repleader by the opposing party or, if the defendant fails to make such a request, *sua sponte*. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983–84 (11th Cir. 2008); Byrne, 261 F.3d at 1133.

Of course, the "short and plain statement" standard of Rule 8(a)(2) does not require maximum particularity in pleadings; nor, as Plaintiffs observe, does it impose a page or paragraph limit. (See doc. no. 48, p. 11.) However, courts often emphasize the unwieldy length of shotgun pleadings, as well as the number of counts they set forth, primarily because such features tend to contribute to the pleadings' unintelligibility. See, e.g., Ledford, 657 F.3d at 1239 (noting complaint had 116 paragraphs and seven counts); Strategic Income Fund, L.L.C., 305 F.3d at 1295 (noting complaint had 127 paragraphs and nine counts); Byrne, 261 F.3d at 1092 (noting complaint was 78 pages long and had 299 paragraphs and nine counts); see also United States v. Lockheed-Martin Corp., 328 F.3d 374, 376-78 (7th

Cir. 2003) (describing pleading that "broke the scale at 109 pages containing 345 numbered paragraphs" and noting that "length and complexity may doom a complaint by obfuscating the claim's essence"). But cf. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130 (9th Cir. 2008) (finding that district court erred in dismissing with prejudice a 68-page complaint that set forth 17 claims because complaint was intelligible and any pleading deficiencies could have been addressed with a less drastic remedy).

Before determining the adequacy of Plaintiffs' pleadings under Rule 8, the Court will address Plaintiffs' argument that the instant motions to strike should be denied because they have been brought under Rule 12(f). This contention is unpersuasive. It is true that the usual procedural vehicle for making a challenge such as the one at issue here is Rule 12(e), which authorizes parties to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." See Byrne, 261 F.3d at 1129; Davis, 516 F.3d at 983 & n.70. However, to deny the instant motions simply because they refer to Rule 12(f) rather than Rule 12(e) would needlessly elevate procedural technicality over substance. The instant motions are clear as to the nature of the challenge presented and the relief sought – i.e., that Plaintiffs' pleadings, taken as a whole, fall short of Rule 8(a)'s pleading standard such that the Court should require Plaintiffs to replead their claims. (See, e.g., doc. no. 10, p. 3; doc. no. 15, pp. 2-3; doc. no. 26, pp. 3-4.) It is apparent that Plaintiffs understood the nature of the challenge, as they have responded to it head on, arguing that their pleadings comply with Rule 8(a) and attempting to distinguish their pleadings from those held inadequate in other cases due to length, complexity, and disorganization. (See doc. no. 21, pp. 5-10; doc. no. 48, pp. 7-12.)

Moreover, Eleventh Circuit law is clear on the point that, if a complaint or answer is determined to be a shotgun pleading, the Court is obligated to order repleader *sua sponte* if the opposing parties fail to challenge the pleading. Byrne, 261 F.3d at 1133 ("[I]f, in the face of a shotgun complaint, the defendant does not move the district court to require a more definite statement, the court, in the exercise of its inherent power, must intervene *sua sponte* and order a repleader." (emphasis added)). Given the multitude of "unacceptable consequences of shotgun pleading," which range from "wreak[ing] havoc on appellate court dockets" to "undermin[ing] the public's respect for the courts," the Court may not simply shirk its independent duty to evaluate the sufficiency of Plaintiffs' pleadings. See Davis, 516 F.3d at 981-83 (describing the problems that arise when a court allows a case framed by shotgun proceedings to proceed). Therefore, irrespective of any technical error in the procedural rule invoked in the instant motion, it would be improper to allow this case to proceed on potentially defective pleadings. Accordingly, the Court declines Plaintiffs' invitation to do just that, and it will instead proceed to evaluate the merits of the challenge at issue.

Having reviewed Plaintiffs' original and amended complaints in light of the issues raised in the instant motions to strike, the Court concludes that Plaintiffs have pled their claims in an impermissible shotgun fashion. The length of the complaint – particularly the 108-page, 322-paragraph statement of facts – is problematic. While Plaintiffs have asserted several causes of action against multiple defendants, and thus deserve some leeway as to the length of their pleadings, such factors do not warrant a 174-page complaint full of excessive factual detail and legal conclusions. Notably, in the cases in which the Eleventh Circuit has

8

emphasized the length of shotgun pleadings, the complaints were in fact shorter than Plaintiffs' complaint in this case. See Ledford, 657 F.3d at 1239; Strategic Income Fund, L.L.C., 305 F.3d at 1295; Byrne, 261 F.3d at 1092. Indeed, Plaintiffs have not cited a single case in which a complaint as bulky as their own was found to comport with the pleading standard of Rule 8(a).

Nor does the nature of Plaintiffs' claims warrant such excessively detailed pleadings. For example, Plaintiffs argue that the complexity of their CWA claims justifies the length of their complaint (doc. no. 48, p. 8), citing the case of City of Newburgh v. Sarna, in which the court had "little trouble concluding that [p]laintiff's CWA claim [met] Rule 8(a)'s pleading standard" because the "alleged CWA violations [were] amply supported by detailed, factual allegations." 690 F. Supp. 2d 136, 157 (S.D.N.Y. 2010). Of note, the plaintiff in Sarna managed to adequately state its CWA claims in a 24-page complaint. See id., CV 109-5117, doc. no. 1. Other CWA plaintiffs in this District have similarly survived the pleading stage with complaints that assert CWA claims in a relatively concise fashion. See, e.g., Eller v. Liberty County, Ga., CV 410-080, doc. no. 1 (S.D. Ga. Apr. 7, 2010). Another case relied upon by Plaintiffs (see doc. no. 48, p. 9), Burke v. Dowling, is also inapposite in that the plaintiffs in that case alleged fraud claims that, pursuant to Rule 9, they had to plead with heightened particularity. See 944 F. Supp. 1036, 1049 (E.D.N.Y. 1995). Here, in contrast, Plaintiffs' pleadings are governed by the less stringent pleading standard of Rule 8. Thus, the Court rejects Plaintiffs' contention that their bloated pleadings are warranted under the circumstances of this case.

Furthermore, excessive detail and extreme length are not the only problems with Plaintiffs' pleadings. Equally troublesome is the fact that all but one of the counts incorporates by reference the entirety of the 108-page, 322-paragraph statement of facts. (See doc. no. 1, ¶¶ 354, 378, 395, 406, 420, 423, 436, 448, 462, 473, 531; doc. no. 12.) As a result, it is impossible to respond to or evaluate a particular claim against a particular Defendant without sorting through a mass of material that is not germane to that claim. Because neither Defendants nor the Court should be tasked with this onerous undertaking caused by Plaintiffs' inadequate pleadings, repleader is appropriate. See Davis, 516 F.3d at 983-84; Byrne, 261 F.3d at 1129-30 & n.4.

In addition, the Court notes that Plaintiffs compounded the previously discussed deficiencies in their original complaint by improperly attempting to amend that complaint in a piecemeal fashion. That is, Plaintiffs state that their amended complaint modifies but "does not supplant" their original complaint. (See doc. no. 12, p. 2.) However, the Eleventh Circuit has made it clear that an amended pleading supersedes entirely (*i.e.*, supplants) the pleading that it amends. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) ("[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (quoting Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006))); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under . . . federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). This provides yet another reason that Plaintiffs should be required to replead in this instance.

In short, Plaintiffs' pleadings provide neither a "short" nor "plain" statement of their claims, and Plaintiffs have failed to comply with the pleading standard of Rule 8(a). As a result, they should be required to recast their claims in a single, amended complaint that complies with the pleading requirements discussed herein. Should the presiding District Judge adopt this recommendation, Plaintiffs should be given 14 days from the date of such adoption to file their new complaint. Consistent with Rule 12(a)(4)(B), all Defendants should then be given 14 days to respond to the new complaint.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the instant motions to strike be **GRANTED**. (Doc. nos. 10-2, 15-2, 26.) Plaintiffs should be given 14 days in which to replead their claims in a single, amended complaint, to which all Defendants should be given 14 days to respond.

SO REPORTED AND RECOMMENDED this 7th day of December, 2011, at Augusta, Georgia

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE