IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONES CREEK INVESTORS, LLC, and SAVANNAH RIVERKEEPER, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CV 111-174 |
| COLUMBIA COUNTY, GEORGIA, et al., | ) ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 71). Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, because Plaintiffs' original and first amended complaints do not comply with the pleading standard of Federal Rule of Civil Procedure 8(a), the motions to strike filed by Defendants Columbia County, Georgia ("Columbia County"), Kimlandco, LLC, Southern Site Design, Inc., and Dr. Robert F. Mullins[1] are **GRANTED**

---

[1] Hereinafter, consistent with the terminology in Plaintiffs' pleadings, the Court will collectively refer to Defendants Kimlandco, LLC, Southern Site Design, Inc., and Dr. Robert F. Mullins as the "Krystal River Defendants." In addition, the Court will collectively refer to Defendants Marshall Square, LLC, D.C. Lawrence Commercial Real Estate, LLC, Donald Lawrence, Joseph H. Marshall, III, and Allen Daniel Marshall as the "Marshall Square Defendants." Finally, the Court will collectively refer to Defendants Bruce E. Lyons and Jones Creek Partners, LLC, as the "Townhomes Defendants."

(doc. nos. 10-2, 15-2, 26), and Plaintiffs are required to replead their claims in accordance with Rule 8(a).

In the pleadings addressed by the Magistrate Judge, Plaintiffs asserted 13 claims, several of which arise under the Clean Water Act ("CWA"), 33 U.S.C. § 1251 *et seq.* (See doc. nos. 1, 12.) As alluded to above, in addition to recommending that these shotgun pleadings be stricken, the Magistrate Judge recommended that Plaintiffs be required to replead their claims in a single, amended complaint that complies with Rule 8(a). (Doc. no. 64, p. 11.) Rather than await a final ruling from this Court, Plaintiffs filed a motion to amend along with their objections. (Doc. no. 70.) In their motion to amend, Plaintiffs sought permission to file a second amended complaint, which, according to them, addressed the deficiencies in their previous pleadings identified by the Magistrate Judge. (Doc. no. 70, pp. 16-18.) Plaintiffs also sought to add additional federal and state law claims against Defendant CSX Transportation, Inc. ("CSXT").[2] (See id. at 8-16.) Also, Plaintiffs indicated their intent to name another Defendant in a future amendment upon satisfying certain requirements that must be completed prior to bringing a CWA claim. (See id. at 6 n.3.)

Defendant Columbia County – as well as the Krystal River, Marshall Square, and Townhomes Defendants – opposed Plaintiffs' motion to amend. (Doc. nos. 72, 73, 75, 77.) These Defendants argued that Plaintiffs' proposed second amended complaint was a shotgun pleading that suffered from the same deficiencies identified by the Magistrate Judge with

---

[2]Of note, unlike Defendants who moved to strike Plaintiffs' original and first amended complaints, Defendant CSXT filed a motion to dismiss, arguing the claims asserted against it in those pleadings fail as a matter of law. (Doc. no. 28.)

regard to Plaintiffs' initial pleadings. (See, e.g., doc. no. 72, pp. 5-9.) They also argued that, in light of Plaintiffs' intent to add another party in a future amendment, the case should be dismissed without prejudice so that Plaintiffs might "file a simple omnibus complaint at the appropriate time instead of requiring the Defendants to file multiple and redundant responses to piecemeal pleadings." (Id. at 4; doc. no. 73, p. 3.) Plaintiffs disputed these contentions in a consolidated reply. (Doc. no. 83.)

Defendant CSXT also opposed the motion to amend. As in the motion to dismiss it filed in response to the initial pleadings, rather than raising the issue of compliance with the Rule 8(a) pleading standard, Defendant CSXT argued that the additional claims against it in the proposed second amended complaint failed to state a claim upon which relief could be granted. (Doc. no. 81.) Plaintiffs' filed a separate reply to Defendant CSXT's response to the motion to amend. (Doc. no. 84.)

Shortly after filing their reply to Defendant CSXT's response – at which point the motion to amend was ripe for adjudication – Plaintiffs filed a second motion to amend their complaint. (Doc. no. 85.) In their second motion to amend, Plaintiffs seek permission to file a "Revised Second Amended Complaint," which is materially similar to the proposed second amended complaint attached to their original motion to amend except that it names a new Defendant (Marshall Square Property Owner's Association, Inc.)[3] and omits a previously named Defendant (Allen Daniel Marshall). (See id.) The Marshall Square Defendants have

---

[3]The claims against Marshall Square Property Owner's Association, Inc., in the new proposed complaint are the same as the CWA and state law claims asserted against the Marshall Square Defendants in Plaintiffs' previous pleadings. (See doc. no. 85-2, pp. 6-10.)

3

filed a response to the second motion to amend in which they reiterate the arguments raised in opposition to the first motion to amend. (See doc. no. 88.)

The Court recognizes that the time for responding to the second motion to amend has not expired. However, because the proposed revised second amended complaint is similar with regard to Defendants named in Plaintiffs' previous pleadings, and because the Court is unwilling to permit further delay, the Court will now proceed to evaluate Plaintiffs' second motion to amend. Rather than waiting for any additional responses or replies regarding the second motion to amend, the Court will take into account the responses to the first motion to amend in ruling on the second motion to amend.

As a general rule, leave to amend under Fed. R. Civ. P. 15(a) is given freely. Foman v. Davis, 371 U.S. 178 (1962). That said, leave to amend is not guaranteed, and the decision of whether to grant a motion to amend is within the sound discretion of the trial court. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981).[4] "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Local 472, United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Ind. v. Georgia Power Co., 684 F.2d 721, 724 (11th Cir. 1982) (quoting Foman, 371 U.S. at 182). Moreover, as set forth above, the Court has adopted the Magistrate Judge's

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

Report and Recommendation such that Plaintiffs are required to replead their claims in a new complaint.

Here, the relevant factors weigh in favor of permitting Plaintiffs' proposed amendment. The proposed revised second amended complaint is significantly shorter than Plaintiffs' previous pleadings, and Plaintiffs have endeavored only to incorporate relevant factual allegations into each count. (See, e.g., doc. no. 85-1, p. 68.) As Defendants pointed out in their responses to Plaintiffs' first motion to amend, Plaintiffs' new proposed complaint still contains a significant amount of factual detail -- likely more than is necessary. See Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations' . . . ." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, because Plaintiffs have taken measures to address their initial pleadings' lack of intelligibility, such as limiting the quantity of factual allegations incorporated into each count, it is appropriate to allow their proposed amendment rather than further delaying this case by demanding a perfect complaint. See United States v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003) ("Some complaints are windy but understandable. Surplusage can and should be ignored. Instead of insisting that the parties perfect their pleadings, a judge should bypass the dross and get on with the case.") Additionally, as noted by the Magistrate Judge in his Report and Recommendation, Rule 8(a)(2) does not require maximum particularity in pleadings, and the number and complexity of Plaintiffs' claims counsel in favor of granting them leeway as to the length of their pleadings. (See doc. no. 64, p. 8.) Moreover, the concerns regarding

Plaintiffs' addition of another party at a later date are no longer material, as Plaintiffs' revised second amended complaint names the party in question as a Defendant.

Regarding the separate issues raised by Defendant CSXT, the Court will not address matters pertaining exclusively to one Defendant in the context of a motion to amend that seeks to replace Plaintiffs' previous pleadings in their entirety. Rather, Defendant CSXT may re-urge its contentions regarding the sufficiency of Plaintiffs' allegations to state a valid claim against it in its response to the new complaint.[5]

In sum, the Court finds that the revised second amended complaint adequately complies with the Court's directive that Plaintiffs replead their claims. Therefore, Plaintiffs' second motion to amend is **GRANTED**.[6] (Doc. no. 85.) Plaintiffs shall have seven days from the date of this Order to file their revised second amended complaint as a stand-alone entry on the docket. Consistent with Rule 12(a)(4)(B), upon the filing of Plaintiffs' new complaint as a stand-alone entry, all Defendants upon whom service has already been

---

[5]Similarly, because the granting of Plaintiffs' second motion to amend will result in Plaintiffs' initial pleadings being superseded, Defendant CSXT's pending motion to dismiss directed at those pleadings is **DEEMED MOOT** (doc. no. 28). See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*) ("[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." (quoting Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006))); see also Hall v. Int'l Union, Case No. 3:10-cv-418, 2011 U.S. Dist. LEXIS 66084, at *1 (W.D.N.C. June 21, 2011) ("It is well-settled that a timely filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot."). Defendant CSXT may re-urge the contentions in its motion to dismiss in its response to Plaintiffs' new complaint.

[6]Having granted Plaintiffs' second motion to amend, their first motion to amend is **DEEMED MOOT**. (Doc. no. 70.)

effected that are named in the new complaint shall have 14 days to answer or otherwise respond.[7] Furthermore, within 21 days of the date of this Order, the parties shall confer as required by Federal Rule of Civil Procedure 26(f); within 14 days of the conference, the parties shall submit a written report in compliance with the instructions set forth in the Order issued by the Magistrate Judge on October 14, 2011 (doc. no. 4).

SO ORDERED this ___ day of March, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[7] Of course, Plaintiffs must effect service of process on the new Defendant in accordance with the applicable procedural rules.