# In the United States District Court
# for the Southern District of Georgia
# Augusta Division

| | | |
|---|---|---|
| JONES CREEK INVESTORS, LLC; and<br>SAVANNAH RIVERKEEPER, INC., | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CV 111-174 |
| COLUMBIA COUNTY, GEORGIA;<br>CSX TRANSPORTATION, INC.;<br>MARSHALL SQUARE, LLC, f/d/b/a<br>NBR Investments LLC;<br>D.C. LAWRENCE COMMERCIAL<br>REAL ESTATE, LLC;<br>DONALD LAWRENCE;<br>JOSEPH H. MARSHALL, III;<br>ALLEN DANIEL MARSHALL;<br>KIMLANDCO, LLC;<br>SOUTHERN SITE DESIGN, INC.;<br>ROBERT F. MULLINS;<br>BRUCE LYONS;<br>JONES CREEK PARTNERS, LLC; and<br>MARSHALL SQUARE OWNER'S<br>ASSOCIATION, INC., | * * * * * * * * * * * * * * * * * | |
| Defendants. | * | |

### ORDER

Presently before the Court is a Consent Decree filed jointly by Plaintiff Jones Creek Investors, LLC ("Plaintiff JCI") and Defendants Kimlandco, LLC; Southern Site Design, Inc.; and Robert F. Mullins ("Krystal River Defendants") seeking to

1

Dismiss Plaintiff JCI's claims against the Krystal River Defendants. See Dkt. No. 189-1. Upon due consideration, the parties' Consent Decree is **GRANTED**.

I. **BACKGROUND**

In this action, Plaintiffs seek damages and injunctive relief for violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1365, and for violations of various other federal and state law claims. See Dkt. No. 92. Specifically, Plaintiff JCI brought this action under the provisions of the citizen suit provision of the CWA. 33 U.S.C. § 1365(a)(1). Plaintiff JCI's claims are predicated upon the Krystal River Defendants' land-disturbing and/or development activities at the Krystal River Site in Evans, Georgia and upon the alleged discharge of sediment, soils, debris, and other pollutants from that site.

On November 13, 2012, Plaintiff JCI and the Krystal River Defendants moved for approval and entry of the Consent Decree that is the subject of this Order. See Dkt. No. 189.

A. CONSENT DECREE

The proposed Consent Decree provides for payment by the Krystal River Defendants to Plaintiff JCI for damages,

2

remediation and restoration costs, and attorney's fees and expenses. See Dkt. No. 189-1, at 6. The proposed decree acknowledges that the payment is a compromise and that Plaintiff JCI is not fully compensated through the parties' settlement. Id. at 7. The proposed decree does not provide for civil penalties available under the CWA. Id.

The proposed Consent Decree states that, as a result of the instant lawsuit, the Krystal River Defendants brought the Krystal River Site into compliance with the CWA and various other state environmental laws. Id. The proposed decree requires the Krystal River Defendants to provide notice and plans to Plaintiff JCI for review prior to commencement of any land-disturbing or development activities involving one or more acres at the Krystal River Site. Id.

## B. UNITED STATES' REVIEW

Pursuant to 33 U.S.C. § 1365(c)(3), the parties' forwarded their proposed Consent Decree to the United States Department of Justice ("DOJ") and the United States Environmental Protection Agency ("EPA"). The DOJ and EPA had forty-five (45) days to review and comment upon the parties' proposed Consent Decree. See 33 U.S.C. § 1365(c)(3). On December 21, 2012, the DOJ

3

stated that it had no objections to the Court's entry of the Consent Decree. See Dkt. No. 197. The EPA did not comment or object within the allotted review period.

C. MARSHALL SQUARE DEFENDANTS' OBJECTIONS

On December 27, 2012, Defendants Marshall Square, LLC; D.C. Lawrence Commercial Real Estate, LLC; Donald Lawrence; Joseph H. Marshall, III; and Marshall Square Property Owners Association ("Marshall Square Defendants") filed an objection to the proposed Consent Decree. See Dkt. No. 198. The Marshall Square Defendants' objections were that (1) they have interests affected by the decree and their consent to the proposed decree was not obtained, (2) the proposed decree is not in the public interest, (3) the proposed decree is not fair or reasonable, and (4) the Court lacks subject matter jurisdiction to enter the decree. Id. Should the Court enter the decree, the Marshall Square Defendants asked the Court to place the settlement funds into escrow pending final resolution of the suit. Id.

**III. DISCUSSION**

The Court must ensure that the parties' proposed Consent Decree is not "unlawful, unreasonable, or inequitable." United

4

States v. Hialeah, 140 F.3d 968, 973 (11th Cir. 1998) (citing United States v. City of Alexandria, 614 F.2d 1358, 1361 (5th Cir. 1980)). Because the instant action seeks to enforce the CWA and various state environmental statutes, the Court must ensure that the proposed decree is consistent with the public objectives sought to be attained by those Acts. United States v. City of Miami, Fla., 664 F.2d 435, 441 (5th Cir. 1981) (citing Metro. Hous. Dev. Corp. v. Village of Arlington Heights, 616 F.2d 1006, 1014 (7th Cir. 1980)).

The Court has no evidence that the proposed decree is unlawful. Moreover, the Court has been presented no evidence that the consenting parties had anything other than an arm's length, good-faith, settlement negotiation. Moreover, the proposed decree requires the Krystal River Defendants to bear the cost of the harm for which they are legally responsible. Although the proposed decree recognizes that Plaintiff JCI is not fully compensated for the harm that the Krystal River Defendants caused, such a result is common in settlement negotiations.

Critically, the suit caused the Krystal River Defendants to come into compliance with environmental legislation. The proposed Consent Decree also allows continued monitoring of any

5

development activities by the Krystal River Defendants at the Krystal River Site. Such an outcome is wholly consistent with the goals of environmental legislation. Moreover, cooperation and voluntary compliance are the preferred means of achieving the goals of environmental legislation. See id. at 441 ("Voluntary compliance frequently contributes significantly toward ultimate achievement of statutory goals." (citing Patterson v. Newspaper & Mail Deliverers' Union, 514 F.2d 767, 771 (2d Cir. 1975))). In fact, "willing compliance [is] more readily generated by consent decrees than [are] mandates imposed at the end of bitter and protracted litigation." Id. at 442 (citing Metro. Hous. Dev. Corp., 616 F.2d at 1014).

The Marshall Square Defendants suggest that they are entitled to object to the proposed Consent Decree. Moreover, the Marshall Square Defendants argue that the Court must deny entry of the proposed decree because they object to it. See Dkt. No. 198, at 4.

As a preliminary matter, the Marshall Square Defendants lack standing to object to the proposed Consent Decree. The proposed decree is a "hybrid decree" in that only some parties consented to it. See City of Miami, 664 F.2d at 442. "Insofar as the decree does not affect the nonconsenting party and its

6

members, or contains provisions to which they do not object," the Court may approve the decree. Id. Here, entry of the proposed decree does not affect the legal rights of the Marshall Square Defendants. The claims brought by Plaintiffs arise from each defendant's own actions. Moreover, there is no right of contribution among the defendants. Finally, Georgia law permits apportionment of liability among all responsible parties, including settling defendants. See O.C.G.A. § 51-12-33. Accordingly, the Marshall Square Defendants lack standing to object to the proposed Consent Decree. Consequently, their objection to the Decree's terms does not prevent entry of the decree.

Moreover, the Marshall Square Defendants' objections lack merit. Specifically, as noted above, the Court finds that the Consent Decree is lawful, fair, reasonable, and consistent with the purposes of the environmental legislation at the heart of the instant suit. Finally, the Court finds no reason to require Plaintiff JCI to place the settlement proceeds in escrow.

**IV. CONCLUSION**

Upon due consideration, the Court finds that the parties' Consent Decree is fair, reasonable, consistent with applicable

7

law, and in the public interest. Therefore, the parties' Consent Decree is **GRANTED**. Accordingly, Plaintiff JCI's claims against Defendants Kimlandco, LLC; Southern Site Design, Inc.; and Robert F. Mullins are **DISMISSED WITH PREJUDICE**. The Clerk of Court is instructed to enter the Consent Decree (Dkt. No. 189-1).

**SO ORDERED**, this 15th day of January, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)