AO 72A
(Rev. 8/82)

# In the United States District Court
# for the Southern District of Georgia
# Augusta Division

JONES CREEK INVESTORS, LLC
and SAVANNAH RIVERKEEPER,
INC.,

    Plaintiffs,

v.

COLUMBIA COUNTY, GEORGIA
and CSX TRANSPORTATION,
INC.

    Defendants.

No. 1:11-CV-174

## ORDER

Defendant Columbia County, Georgia ("Columbia County") moves for Plaintiff Jones Creek Investors, LLC ("JCI") to account for money JCI received under consent decrees with other defendants in this litigation. Dkt. No. 540. This motion will be denied.

### BACKGROUND

JCI owns a golf club and lake in Columbia County, Georgia. Dkt. No. 94 ¶ 6. Its property floods, allegedly due to excess storm-water discharge. Id. ¶ 181. JCI claims the discharge is caused by failures of the defendants in this lawsuit. See generally id. JCI seeks, among other things, damages and remediation. Id. ¶¶ 192, 343, 365.

Three sets of defendants settled with JCI. Dkt. Nos. 189, 204, 211, 227, 269, 326. Each settlement agreement committed the defendant to putting money into escrow pending the defendant's dismissal, with the amount including "a reasonable portion of the remediation and restoration costs." Dkt. No. 548-1 at 5-6; Dkt. No. 548-2 at 5-6; Dkt. No. 548-3 at 7. Each also described remediation each defendant had undertaken or would undertake. Dkt. No. 548-1 at 6-7; Dkt. No. 548-2 at 6-7; Dkt. No. 548-3 at 8-11.

JCI filed proposed consent decrees. Dkt. Nos. 189-1, 211-1, 269-1. Each parroted the settlement agreement's language described above, and disclaimed having any third-party beneficiaries. Dkt. No. 189-1 at 6-7, 11; Dkt. No. 211-1 at 6-7, 10; Dkt. No. 269-1 at 7-10, 13.

Each proposed consent decree was reviewed by the federal government, pursuant to the Clean Water Act. See 33 U.S.C. § 1365(c)(3); Dkt. Nos. 197, 226, 311. The United States did not object to them. It noted that JCI was being paid "for remediation and restoration that the . . . defendants were required to complete" because that work could not "be completed in a piecemeal fashion," the settlements were partial, and JCI was "reluctant to have the . . . defendants involved in the remediation and restoration." Dkt. No. 197 at 2; see also Dkt. No. 226 at 2; Dkt. No. 311 at 3.

AO 72A
(Rev. 8/82)

After receiving these non-objections, the Court entered the consent decrees. Dkt. Nos. 204, 227, 326.

Columbia County now complains that JCI has not begun remediation and must both account for the consent-decree money and "describe when and how it intends to remediate the impacts allegedly caused by" the defendants who settled. Dkt. No. 540 at 2. JCI responded in opposition, dkt. no. 548, and the motion is now ripe for disposition.

**LEGAL STANDARD**

Accounting is an equitable remedy. <u>Phillips v. Publ'g Co.</u>, No. CV213-069, 2015 WL 5821501, at *7 (S.D. Ga. Sept. 14, 2015). A court "has broad discretion to determine whether it is appropriate." <u>First Commodity Traders, Inc. v. Heinold Commodities, Inc.</u>, 766 F.2d 1007, 1011 (7th Cir. 1985). But it cannot be ordered unless there is no adequate remedy at law. <u>Dairy Queen, Inc. v. Wood</u>, 369 U.S. 469, 478 (1962).

**DISCUSSION**

Accounting would be inappropriate here. Columbia County lacks the right sort of relationship to JCI. Accounting details "debts and credits between parties <u>arising out of a contract or a fiduciary relation</u>." <u>Bates v. Nw. Human Servs., Inc.</u>, 466 F. Supp. 2d 69, 103 (D.D.C. 2006) (emphasis added) (citing, *inter alia*, <u>P.V. Props., Inc. v. Rock Creek Vill. Assocs. Ltd. P'ship</u>, 549 A.2d 403, 409 (Md. Ct. Spec. App.

AO 72A
(Rev. 8/82)

1998) ("An accounting may be had where one party is under an obligation to pay money to another based upon facts and records which are known and kept exclusively by the party to whom the obligation is owed, or where there is a confidential or fiduciary relation between the parties . . . .")); see also Am. Air Filter Co. v. McNichol, 527 F.2d 1297, 1300 (3d Cir. 1975); Phillippi v. Jim Phillippi, Inc., Nos. 2:07-CV-916, 2:07-CV-1001, 2009 WL 1911763, at *3 (S.D. Ohio June 26, 2009) ("[A]ccounting . . . is designed only to provide disclosure to a [party] of how much he or she is owed by another . . . ." (citing Bradshaw v. Thompson, 454 F.2d 75, 79 (6th Cir. 1972))); cf. Therrell v. Ga. Marble Holdings Corp., 960 F.2d 1555, 1566 (11th Cir. 1992) (interpreting Georgia law to require party to prove "something is owed them"). Without such a relationship, accounting is inappropriate. Haynes v. Navy Fed. Credit Union, 52 F. Supp. 3d 1, 10 (D.D.C. 2014). Columbia County does not allege such a relationship here, so accounting must be denied.[1] See generally Dkt. No. 540; Dkt. No. 189-1 at 11 (disavowing third-party beneficiaries); Dkt. No. 211-1 at 10 (same); Dkt. No. 269-1 at 13 (same).

---

[1] For that matter, it does not bother to cite to any case law discussing equitable accounting, or even to identify the elements thereof. See generally id. "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . . Rather, the onus is upon the parties to formulate arguments." Argo v. Gregory, No. CV 212-213, 2014 WL 4467268, at *11 (S.D. Ga. Sept. 10, 2014).

AO 72A
(Rev. 8/82)

Columbia County argues that JCI is not mitigating its alleged damages, and that Columbia County's residents have an interest in JCI doing remediation. Dkt. No. 540 at 10-11. The mitigation contention does not support accounting because there is an easy legal remedy: reducing JCI's damages.[2] As for the public interest, accounting does not let a party find out how much its opponent owes somebody else. Phillippi, 2009 WL 1911763, at *3. Even less so would it let Columbia County figure out how much JCI should be *spending* on others *right now*. Columbia County is not entitled to accounting.

**CONCLUSION**

Thus, the present motion, dkt. no. 540, is **DENIED**.

**SO ORDERED**, this 13th day of March, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] If the Court later finds that JCI's "machinations" prevent Columbia County "from obtaining the requisite information" on final damages through ordinary means, it will entertain a renewed motion for accounting. 1A C.J.S. Accounting § 11 (2016 update).